# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADOL T. OWEN-WILLIAMS, JR., | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. 8:17-cv-01112-PX |
| MICHAEL KWARCIANY, et al., | * | |
| Defendant | * | |

## MEMORANDUM OPINION

On March 13, 2018, the Court issued a memorandum opinion and order granting Defendants' motions to dismiss Owen-Williams' *pro se* complaint and granting in part and denying in part Defendants' motion for sanctions. ECF Nos. 21, 22. On March 30, 2018, Owen-Williams moved for reconsideration; he also seeks remand, sanctions, and show cause hearing. ECF No. 23. For the reasons stated below, Owen-Williams' motion is DENIED.

### I. BACKGROUND

On October 17, 2016, Defendant Kwarciany of the Montgomery County Police received a phone call from an identified caller stating that Owen-Williams trespassed on the headquarters of the Montgomery County Republican Central Committee. ECF No. 1 *Id.* ¶ 20. Kwarciany interviewed Owen-Williams and learned of an expired no-trespass order designed to keep Owen-Williams away from the property. *Id.* ¶ 8. On October 19, 2016, police arrested Owen-Williams. *Id.* ¶¶ 10, 11.

Owen-Williams filed a *pro se* complaint against Kwarciany and the Montgomery County Police for false arrest, false imprisonment, malicious prosecution, abuse of process, assault, negligence, and intentional infliction of emotional distress. *Id.* Defendants moved to dismiss for lack of jurisdiction and failure to state a claim. ECF Nos. 13, 14.

Defendants also moved to sanction Owen-Williams for "misrepresenting the facts" and bringing this lawsuit to "harass Detective Kwarciany and attempt to end his career." ECF No. 14 ¶ 4. Defendants provided the body camera video of Owen-Williams' peaceful arrest executed by two uniformed police officers and two in plain clothes. ECF No. 15-3. The video directly contradicted Owen-Williams' assertion that he was "violently ambushed and descended upon by approximately 8-10 Police Officers." ECF No. 1 ¶ 11. The video also recorded Owen-Williams telling Kwarciany that he would "hound [him] in court for the rest of [his] fucking life." ECF No. 15-3. Defendants also submitted eight court orders imposing sanctions against Owen-Williams. ECF Nos. 15-7–14.

The Court dismissed Owen-Williams' § 1983 claims. ECF No. 21 at 5–10. The Court reasoned that the police department was not an entity capable of being sued; the County was not liable based on a theory of respondeat superior; and Kwarciany had probable cause to arrest Owen-Williams. *Id.* The Court then declined to exercise supplemental jurisdiction over Owen-Williams' remaining state law claims. *Id.* at 10.

The Court also imposed sanctions on Owen-Williams under Rule 11 of the Federal Rules of Civil Procedure. *Id.* at 14–15. The Court enjoined Owen-Williams from pursuing claims related to his October 19, 2016, arrest without prior leave of court, but declined to impose monetary sanctions. ECF No. 21 at 14–15. Thereafter, Owen-Williams filed the presently pending motion. ECF No. 23.

II. **STANDARD OF REVIEW**

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e). *See Katyle v. Penn. Nat. Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011). Courts recognize three limited grounds for granting a motion for

2

reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). When the motion to reconsider is filed *pro se*, the Court should construe the motion liberally. *United States v. Groves*, No. 98-6635, 187 F.3d 631 (Table), 1999 WL 515445, at *4 (4th Cir. July 21, 1999). However, a Rule 59(e) motion "may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996) (internal marks omitted). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pacific Ins. Co.*, 148 F.3d at 403 (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

### III. ANALYSIS

Owen-Williams' has provided no grounds to grant his motion to reconsider. First, Owen-Williams does not cite to any change in controlling law. Nor did the Court, in its own review, ascertain any such changes since dismissing his claims. Owen-Williams' reliance of two cases that he has filed in Baltimore City Circuit Court is of no moment. *Id.* at 8. Simply because the state court did "not find frivolous Plaintiff's claim," if true, does not bind this Court.

Nor has Owen-Williams' marshalled any new evidence not previously available to him.

*Compare* ECF No. 23 at 11, *with* ECF No. 18 at 6.  In his reconsideration motion, Owen-Williams provides greater detail as to claimed damages (ECF No. 23 at 14); asserts that Kwarciany arrested him over a verbalized belief that he might engage in criminal conduct in the future (*id.* at 5); claims that he provided the deed to the land to Kwarciany prior to arrest (which contradicts his original complaint) (*id.* at 6); and includes a large list of admitted "salacious" accusations against a number of state judges.  *Id.* at 12–13.  Putting aside the question of relevancy, none of the claimed facts are "new."  All were available to Owen-Williams at the time he filed suit, and Owen-Williams provides no grounds for failing to marshal the facts previously.  Owen-Williams, therefore, is not entitled to reconsideration based on new evidence.

Finally, reconsideration is not warranted to prevent manifest injustice.  The Court dismissed Owen-Williams' § 1983 claims against the Montgomery County Police Department because it is not an entity capable of being sued.  ECF No. 21 at 5.  The Court's dismissal rests on good law.  *See Costley v. City of Westminster*, No. GLR-16-1447, 2017 WL 35437, at *1 n.1 (D. Md. Jan. 4, 2017) (citing *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870 (4th Cir. 1989), *aff'd sub nom Costley v. Steiner*, 689 Fed. App'x 753 (4th Cir. 2017).  Likewise, the Court dismissed Owen-Williams' § 1983 claims against Montgomery County because Owen-Williams alleged liability solely under respondeat superior.  ECF No. 21 at 6.  The Court's decision rests squarely on Supreme Court precedent.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).  In essence, Owen-Williams' reconsideration motion "amounts to a 'disagreement with the Court's decision,' and, as such, does not provide sufficient justification to alter or amend the Court's judgment under Rule 59(e)."  *Lowery v. Fearing*, No. PX-16-3164, 2018 WL 1505791, at *2 (D. Md. Mar. 27, 2018) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)); *see also Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677

4

n.1 (D. Md. 2001) ("[A] motion to reconsider is not a license to reargue the merits or present new evidence."). Owen-Williams' motion to reconsider is denied.

Alternatively, Owen-Williams requests that the Court remand this action to the Circuit Court for Prince George's County, Maryland, rather than to the Circuit Court for Montgomery County, Maryland. ECF No. 23 at 16. Remand is unavailable on dismissed claims. *See Hall v. Greystar Mgmt. Servs., L.P.*, 193 F. Supp. 3d 522, 525 n.2 (D. Md. 2016); ECF No. 21 at 10. Nor can the Court discern any reason to grant Owen-Williams' additional requests to award sanctions or take any action requiring the personal appearance of defendants in this Court. Owen-Williams requests are denied.

## IV. CONCLUSION

For the foregoing reasons, Owen-Williams' motion is DENIED. Owen-Williams is reminded that the Court's prior Opinion and Order remain in full force and effect. A separate order follows.

_8/29/18_____   _____/S/_____
Date                              Paula Xinis
                                  United States District Judge